# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-2362 FMO (GJSx) | Date | April 11, 2019 |
| Title | Speed RMG Partners, LLC, et al. v. Arctic Cat Sales, Inc., et al. | | |

| | | |
|---|---|---|
| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Dismissal for Lack of Jurisdiction

On March 28, 2019, Speed RMG Partners, LLC ("Speed RMG"), Robby Gordon ("Gordon"), and Todd Romano ("Romano") (collectively, "plaintiffs") filed a Complaint (Dkt. 1), in this court against defendants Arctic Cat Sales Inc. ("ACS"), Arctic Cat Inc. ("AC"), Textron Specialized Vehicles Inc. ("TS"), and Textron Inc. ("Textron") (collectively, "defendants"). (See Dkt. 1, Complaint). Federal subject matter jurisdiction is premised solely on diversity of the parties. (See id. at ¶ 17).

When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). "[T]he party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." Rainero v. Archon Corp., 844 F.3d 832, 840 (9th Cir. 2016) (quoting NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 613-14 (9th Cir. 2016)).

Here, plaintiffs allege that Speed RMG "is a North Carolina Limited Partnership with principle [sic] offices and operations located in Anaheim, California and Charlotte, North Carolina." (Dkt. 1, Complaint at ¶ 3). However, "[t]here is no such thing as 'a [state name] limited partnership' for purposes of diversity jurisdiction. There are only partners, each of which has one or more citizenships." Hart v. Terminex Int'l, 336 F.3d 541, 544 (7th Cir. 2003) (internal quotation marks omitted). To properly plead diversity jurisdiction "with respect to a limited liability company, the citizenship of all its members must be pled." NewGen, 840 F.3d at 611. Furthermore, for diversity purposes, the Ninth Circuit has held that a "LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see Carden v. Arkoma Assocs., 494 U.S. 185, 195-96, 110 S.Ct. 1015, 1021 (1990) ("We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members[.]) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2362 FMO (GJSx) | Date | April 11, 2019 |
|---|---|---|---|
| Title | Speed RMG Partners, LLC, et al. v. Arctic Cat Sales, Inc., et al. | | |

Plaintiffs' Complaint does not specify the citizenship of every member of Speed RMG. Accordingly, IT IS ORDERED that:

1. No later than **April 19, 2019**, plaintiffs shall filed a First Amended Complaint setting forth the membership of all the members that comprise Speed RMG.[1]

2. Failure to file a First Amended Complaint by the deadline set forth above shall be deemed as consent to the dismissal of the action without prejudice for lack of subject matter jurisdiction and/or failure to comply with the orders of the court. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 : 00 |
|---|---|
| Initials of Preparer | vdr |

---

[1] The First Amended Complaint shall also clearly indicate the citizenship of Gordon, (see Dkt. 1, Complaint at ¶ 3) (stating that Gordon "is an individual resident of North Carolina with facilities and operations located in Anaheim, California, Orange California, and Charlotte, North Carolina"), and of defendant TS. (See id. at ¶ 8) (stating that TS "is a Delaware corporation with a principle [sic] place of business at 1451 Marvin Griffin Rd, Augusta").